[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Karr v. McClain*, Slip Opinion No. 2022-Ohio-449.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-449

KARR, APPELLEE, *v*. MCCLAIN, TAX COMMR., APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Karr v. McClain*, Slip Opinion No. 2022-Ohio-449.]

*Taxation—Use taxes—Tax penalties—R.C. 5739.13(A)—Tax commissioner has discretion whether to impose a penalty for unpaid taxes—Abatement of a penalty is clearly erroneous when there is no basis for finding that the tax commissioner acted arbitrarily or unconscionably—Board of Tax Appeals' decision abating penalty reversed.*

(No. 2021-0457—Submitted October 26, 2021—Decided February 17, 2022.)

APPEAL from the Board of Tax Appeals, No. 2020-1041.

_____

**Per Curiam.**

{¶ 1} In this appeal, appellant, Jeffrey McClain, Tax Commissioner of Ohio, seeks reinstatement of a tax penalty that the Board of Tax Appeals ("BTA") abated.  Because the BTA's ruling is clearly erroneous, we reverse.

**{¶ 2}** This appeal involves a use-tax assessment against appellee, Wesley T. Karr. Karr purchased a Peterbilt truck, but he did not pay tax on the truck, claiming that the transportation-for-hire exemption applied to his purchase. R.C. 5739.02(B)(32); *see N.A.T. Transp., Inc. v. McClain*, 165 Ohio St.3d 250, 2021-Ohio-1374, 178 N.E.3d 454, ¶ 13-17. When the tax commissioner demanded that Karr prove his entitlement to the exemption, Karr failed to demonstrate that he had the requisite for-hire transportation certificate and that the truck was primarily used for transporting property belonging to others. The tax commissioner, therefore, denied the exemption, assessed unpaid tax in the amount of $4,821.25, added preassessment interest in the amount of $35.64, and exercised his statutory discretion to impose a 15 percent penalty amounting to $723.19.

**{¶ 3}** Karr appealed to the BTA, which decided the case based on the notice of appeal, the statutory transcript submitted by the tax commissioner, and written argument. In its decision, the BTA upheld the tax assessment against Karr because he failed to rebut the tax commissioner's findings. BTA No. 2020-1041, 2021 WL 1093736, *1 (Mar. 16, 2021). Although the BTA found that Karr had not met his burden to show that the tax commissioner erred by assessing unpaid tax, the BTA found that the tax commissioner had "abused his discretion in assessing a penalty." *Id.* In support of this finding, the BTA stated:

> Karr has provided evidence that he had a [Public Utilities Commission of Ohio] certification but not which certification. Per the final determination, he had a Department of Transportation certification, but it was the wrong one, albeit a related one. We do not find the documents as confusing as the Commissioner did when read together with the lease. However, that issue is irrelevant since Karr has not shown he had the requisite certifications.

*Id*. The BTA upheld the assessment of unpaid tax and interest but reversed the imposition of the penalty and remanded the case to the tax commissioner with instructions to abate the penalty. *Id*.

{¶ 4} The tax commissioner unsuccessfully sought reconsideration of the BTA's abatement of the penalty. BTA No. 2020-1041, 2021 WL 1545466 (Apr. 12, 2021). The tax commissioner has appealed and filed a brief. Karr did not file a brief.

{¶ 5} In his second proposition of law, the tax commissioner contests the BTA's finding of an abuse of discretion. We conclude that the BTA's holding that the tax commissioner abused his discretion and the BTA's order abating the penalty are clearly erroneous, and we reverse that portion of the BTA's decision.

{¶ 6} Under R.C. 5739.13(A), the tax commissioner "may make an assessment [of sales tax] against either the vendor or consumer, as the facts may require, based upon any information in the commissioner's possession." *See also* R.C. 5741.14 (sales-tax assessment and penalty provisions apply to the assessment of use tax); *N.A.T. Transp.*, 165 Ohio St.3d 250, 2021-Ohio-1374, 178 N.E.3d 454, at ¶ 13, 15 (use-tax liability parallels sales-tax liability with respect to exemptions from taxation). In this case, the tax commissioner issued the assessment against Karr as the "consumer" who purchased the truck. And R.C. 5739.133(A) provides that "[a] penalty may be added to every amount [of sales tax] assessed * * * (3) * * * up to fifteen per cent of the amount assessed."

{¶ 7} By stating that a penalty "may be added," the statute confers discretionary authority on the tax commissioner to impose a penalty in conjunction with an assessment of unpaid sales tax. *See J.M. Smucker, L.L.C. v. Levin*, 113 Ohio St.3d 337, 2007-Ohio-2073, 865 N.E.2d 866, ¶ 14-15 (collecting cases).[1]

---

1. We note that many of the earlier tax-penalty cases addressed statutes that required the initial imposition of the penalty but then conferred discretion to abate the penalties on reassessment. By contrast, the statute in this case confers discretion on the tax commissioner when he initially issues

Because the decision whether to impose a penalty is within the tax commissioner's discretion, the BTA may reverse the imposition of a penalty only if it finds an abuse of discretion. *Id*. at ¶ 16.

{¶ 8} An abuse of discretion in the tax-penalty context is an act showing an "arbitrary or unconscionable attitude" on the part of the tax commissioner. *Renacci v. Testa*, 148 Ohio St.3d 470, 2016-Ohio-3394, 71 N.E.3d 962, ¶ 32, citing *J.M. Smucker, L.L.C.*, at ¶ 16. Here, the BTA recited that it found an abuse of discretion, but it made no explicit determination that the tax commissioner acted with an arbitrary or unconscionable attitude.

{¶ 9} More importantly, the evidence that the BTA pointed to would not support such a finding. The exemption statute plainly conditions the exemption on the taxpayer holding a certificate authorizing him to engage in the transportation of personal property belonging to others for consideration, and nearly 20 years ago we clarified what type of certificate will qualify under R.C. 5739.01(Z)(1). *See Rumpke Container Serv., Inc. v. Zaino*, 94 Ohio St.3d 304, 762 N.E.2d 995 (2002); *see also N.A.T. Transp.*, 165 Ohio St.3d 250, 2021-Ohio-1374, 178 N.E.3d 454, at ¶ 16-17. Our decision in *Renacci* is instructive on what constitutes an arbitrary denial of penalty abatement. In *Renacci*, we rejected the tax commissioner's claim that he had discretion to retain the penalty based solely on the taxpayers' noncompliance with a legal interpretation that the tax commissioner had adopted, without giving due consideration to whether the taxpayers had reasonable cause for a different interpretation of the relevant law. *Renacci* at ¶ 20, 25, 36, 40-42. Unlike *Renacci*, this appeal involves a taxpayer who formally claimed an exemption but failed to prove he was entitled to the exemption under well-established law.

---

the assessment of unpaid tax. But we conclude that the distinction makes no difference in this context: the tax commissioner's discretionary authority extended throughout the reassessment proceedings, so he had the discretion to abate the penalty in the final determination. His decision not to do so merited the BTA's deference.

**{¶ 10}** Under these circumstances, the BTA's abatement of the penalty was clearly erroneous because the record provided no basis for finding that the tax commissioner acted arbitrarily or unconscionably in imposing the penalty.[2] We therefore reverse the BTA's abatement of the penalty, but we leave intact the BTA's decision to affirm the assessment of unpaid tax and interest.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

FISCHER, J., dissents.

_____

Dave Yost, Attorney General, and Kimberly G. Allison, Assistant Attorney General, for appellant.

_____

---

2. Under his first proposition of law, the tax commissioner argues that the BTA lacked jurisdiction to abate the penalty because Karr failed to set forth a separate claim for relief from the penalty in his notice of appeal to the BTA. *Compare Obetz v. McClain*, 164 Ohio St.3d 529, 2021-Ohio-1706, 173 N.E.3d 1200, ¶ 19 (under pre-2013 version of R.C. 5717.02(B), the BTA lacked jurisdiction to grant relief from a final determination based on errors that were not sufficiently specified in the notice of appeal). Because we hold that the BTA had no authority to abate the penalty in the absence of arbitrary or unconscionable conduct by the tax commissioner, we do not need to address the jurisdictional issue. Likewise, the tax commissioner's third proposition of law is moot.